UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. WEBB, )<br>)<br>Plaintiff, )<br>)<br>) No.<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | |

**COMPLAINT AT LAW**

Now comes the plaintiff, MICHAEL W. WEBB, by his attorneys, Law Offices of Lucas and Cárdenas, P.C., and for his cause of action against the defendant, United States of America, he states the following:

**JURISDICTION**

This is an action against the United States of America by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its employees, agents, apparent agents, employees, nurses, aides and physicians, for negligence brought pursuant to Federal Tort Claims Act, 28 USCS §2675. That the Plaintiff MICHAEL W. WEBB, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the United States Department of Veteran Affairs and the Jesse Brown Veteran Affairs Medical Center in the amount of one million five hundred thousand dollars ($1,500,000.00), which was received on March 28, 2017. That on September 28, 3017, the United States Department of Veteran's Affairs denied Plaintiff's Claim for Damage, Injury or Death, giving Plaintiff the right to file suit in Federal Court under the Federal Tort Claims Act. This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq.

**PARTIES**

That on or about September 23, 2016, and at all times relevant herein, the Plaintiff, MICHAEL W. WEBB, was a resident of the United States, and was a patient at Jesse Brown Veteran Affairs Medical Center in Chicago, IL. That the Plaintiff, MICHAEL W. WEBB, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Cook and the City of Chicago. On all dates hereinafter mentioned and for a time prior and subsequent thereto, the defendant, United States of America, was and is now federally funding the Jesse Brown VA Medical located at 820 S. Damen Avenue, in the City of Chicago, County of Cook, State of Illinois.

The United States Department of Veteran Affairs owns, manages, and controls the Jesse Brown Veteran Affairs Medical Center. That on September 23, 2016, and at all times relevant herein, the physicians, staff, supervisors, employees, agents and apparent agents of Jesse Brown Veteran Affairs Medical Center, including but not limited to its nurses, aides and physicians, were employees, agents and apparent agents of the Unites States of America.

## FACTS COMMON TO ALL COUNTS

1. That during the month of September 2016, and at all times prior and subsequent thereto, the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its doctors, staff, supervisors, employees, agents and apparent agents, including but not limited to its nurses, aides and physicians, were engaged in the business of offering hospital, medical and surgical care and other services in the City of Chicago, County of Cook, and State of Illinois.

2. That at all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, held itself out, advertised and otherwise informed the public, and more particularly, in the instance

- 3 -

of the Plaintiff, MICHAEL W. WEBB, that it had and possessed the requisite skill, know-how, facilities, personnel, equipment and information to properly care for and treat the Plaintiff, MICHAEL W. WEBB.

3.     That on or about September 23, 2016, and for some time prior and subsequent thereto, the Plaintiff, MICHAEL W. WEBB, entered the Jesse Brown Veteran Affairs Medical Center and entrusted himself entirely to the care of the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its employees, agents, and apparent agents, including but not limited to its nurses, aides and physicians.

4.     That at all times material herein, the Plaintiff, MICHAEL W. WEBB, was in the exercise of ordinary care and caution for his own safety.

5.     That on or about September 23, 2016, and for some time prior and subsequent thereto, as an agents, apparent agents, servants and/or employees of the Defendant, THE UNITED STATES OF AMERICA, in their capacity as aforesaid, while acting in the scope of their employment, apparent agency and/or agency as aforesaid, did then and there have come under their care and did attend to and treat the Plaintiff, MICHAEL W. WEBB, while the Plaintiff was a patient at Jesse Brown Veteran Affairs Medical Center in Chicago, Illinois.

6.     That the Plaintiff MICHAEL W. WEBB, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the United States Department of Veteran Affairs and the Jesse Brown Veteran Affairs Medical Center in the amount of one million five hundred thousand dollars ($1,500,000.00), which was received on March 28, 2017.

- 4 -

## COUNT I – *RES IPSA LOQUITUR*

1.-6. Plaintiff re-alleges paragraphs 1-6 of the "Facts Common to all Counts" above as his paragraphs 1-6 of Count II herein.

7. While the Plaintiff was a patient at the defendant's facility, he needed to be transferred from his hospital bed to a procedure table on September 23, 2016.

8. Since the Plaintiff was a recent amputee on multiple medications, the defendant's staff, on its own, determined the best and safest way to transfer the Plaintiff was by use of a Hover Mattress.

9. Once the defendant's staff determined the best and safest way to transfer the Plaintiff, the defendant, through its agents and servants, had a duty to be free from negligence during the transfer.

10. The use of a Hover Mattress does not require the patient to participate in the transfer.

11. The proper use of a Hover Mattress does not, without negligence, result in the patient being dropped to the floor with great force.

12. The transfer of the Plaintiff, Michael W. Webb from his hospital bed to the procedure table was in the exclusive control of the defendant's agents and servants.

13. On September 23, 2016, the defendant, through its agents and servants, while transferring the Plaintiff, Michael W. Webb, from the hospital bed to the procedure table, while using a Hover Mattress, dropped the plaintiff several feet.

14. Dropping the Plaintiff while using a Hover Mattress would not have occurred without the negligence on the part of the Defendant, by and through it agents and employees.

15. As a result of the Defendant's negligence, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its duly authorized agents, apparent agents, physicians,

- 5 -

supervisors, servants, and/or employees, including but not limited to its nurses, aides and physicians, the Plaintiff, MICHAEL W. WEBB, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including a fractured clavicle; that he suffered and continues to suffer acute and prolonged physical and mental pain and suffering; that the risk or harm of future injury was increased; that he suffered and continues to suffer from permanent disability; that he suffered and continues to suffer a loss of a normal life; that Plaintiff became liable for great sums of money for medical, hospital care and treatment, and attendant care, and in the future will be forced to incur expenses, as well as incurring other expenses, and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

16. Pursuant to 735 ILCS 5/2-622(a)(3), Plaintiff's Counsel has attached her affidavit hereto and marked it as "Exhibit A"

WHEREFORE, plaintiff, MICHAEL W. WEBB, demands judgment against the defendant, United States of America Center, in the amount of $1,500,000.00 and his costs of suit.

## COUNT II – NEGLIGENCE

1.-6. Plaintiff re-alleges paragraphs 1-6 of the "Facts Common to all Counts" above as his paragraphs 1-6 of Count II herein.

7. That it then and there became and was the duty of the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its employees, agents, apparent agents, employees and physicians to render hospital, medical and surgical care and services consistent with the medical requirements of the patients therein, and so as not to cause injury to said patients, including the Plaintiff, MICHAEL W. WEBB, herein.

- 6 -

8. That there was a duty on the part of the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its employees, agents, apparent agents, employees and physicians, including but not limited to its nurses, aides and physicians, to treat the Plaintiff, MICHAEL W. WEBB, with that degree of knowledge, skill, and care possessed by reasonably well-qualified staff in their community or a similar community, and to exercise that degree of knowledge, skill, and care commonly exercised by other members of their profession.

9. That after assuming the care and treatment of the Plaintiff, MICHAEL W. WEBB, the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its employees, agents, apparent agents, employees and physicians, including but not limited to its nurses, aides and physicians, notwithstanding its aforesaid duty, were then and there guilty of one or more of the following negligent acts and/or omissions in treating the Plaintiff, MICHAEL W. WEBB:

    (a) Failed to treat and provide care to the Plaintiff, MICHAEL W. WEBB, in a manner customary and suitable with their profession; or

    (b) Failed to properly and adequately transfer Plaintiff, MICHAEL W. WEBB from one bed to another; or

    (c) Failed to intervene on behalf of the Plaintiff, MICHAEL W. WEBB, to ensure that proper and adequate personnel was available for the transfer; or

    (d) Failed to properly and adequately use a Hover Transfer Mattress; or

    (e) Failed to properly and adequately transfer the Plaintiff, MICHAEL W. WEBB, from one bed to another without dropping him; or

   (f) Allowed the Plaintiff, MICHAEL W. WEBB, to be dropped during a transfer.

10. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its duly authorized agents, apparent agents, physicians, supervisors, servants, and/or employees, including but not limited to its nurses, aides and physicians, the Plaintiff, MICHAEL W. WEBB, suffered severe and permanent injuries, including but not limited to a comminuted facture of his clavicle, twisting of neck and back, and extreme pain at his amputation site.

11. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, THE UNITED STATES OF AMERICA, by and through its medical facility, Jesse Brown Veteran Affairs Medical Center, and its duly authorized agents, apparent agents, physicians, supervisors, servants, and/or employees, including but not limited to its nurses, aides and physicians, the Plaintiff, MICHAEL W. WEBB, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including a fractured clavicle; that he suffered and continues to suffer acute and prolonged physical and mental pain and suffering; that the risk or harm of future injury was increased; that he suffered and continues to suffer from permanent disability; that he suffered and continues to suffer a loss of a normal life; that Plaintiff became liable for great sums of money for medical, hospital care and treatment, and attendant care, and in the future will be forced to incur expenses, as well as incurring other expenses, and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

- 8 -

12. Pursuant to 735 ILCS 5/2-622(a)(3), Plaintiff's Counsel has attached her affidavit hereto and marked it as "Exhibit A"

WHEREFORE, plaintiff, MICHAEL W. WEBB, demands judgment against the defendant, United States of America Center, in the amount of $1,500,000.00 and his costs of suit.

MICHAEL W. WEBB

By

    /s/ Katherine A. Cárdenas
    One of His Attorneys

Katherine A. Cárdenas
Khalid Hasan
LAW OFFICES OF LUCAS AND CÁRDENAS, P.C.
Attorneys for Plaintiffs
77 West Washington Street, Suite 900
Chicago, Illinois 60602
312/781-0082
Attorney No. 06237912